(23 Civ. Proc. R. 359.)

### RICH v. SARGENT GRANITE CO.

(Supreme Court, Special Term, New York County. March 1, 1894.)

RECEIVERS—PROCEEDING TO DISCOVER PROPERTY.

In an action to sequestrate the property of a corporation, an application by a temporary receiver for a warrant to examine persons as to property of the corporation alleged to be in their hands is a special proceeding, within Code, § 1788, which authorizes a temporary receiver of a corporation to maintain a special proceeding for the purpose of collecting, receiving, or preserving the property of the corporation.

Action by Percy Rich against the Sargent Granite Company to obtain sequestration of defendant's property, an execution against its property having been returned unsatisfied. Peter B. Olney was appointed receiver pending the action, and now moves for a warrant to bring Matthew P. Baird and others before a justice of the court, to be examined concerning defendant's property.

Samuel A. Noyes, for the motion.

Joseph Fettretch and Fettretch, Silkman & Seybel, opposed.

INGRAHAM, J. I think, under section 1788 of the Code, a temporary receiver has power to maintain any action or special proceeding for the purpose of collecting, receiving, or preserving the property of the corporation, and that a proceeding to examine any person who is alleged to have in his possession property that should be taken possession of by the receiver is a special proceeding for the purpose of collecting, receiving, and preserving the property of the corporation. The provisions of the Revised Statutes under which this application is made appear to be still in force,[1] and if the receiver brings himself within the provisions of the statute it would seem that he would be entitled to the relief asked; and I think the

---

[1] 4 Rev. St. p. 2682, § 72, makes all provisions of law respecting trustees of insolvents as to the collection, preservation, concealment, and discovery of property applicable to receivers of corporations. Id. p. 2528, § 12, provides that where the trustee of an insolvent debtor shall show that there is good reason to believe that the debtor or any other person has concealed or embezzled any part of the debtor's property, or that any person can testify concerning the concealment or embezzlement thereof, a warrant will be issued requiring such person to appear and submit to examination concerning the same.

affidavits are sufficient to entitle him to such relief. It appears that Matthew Baird was the principal stockholder, a trustee, and the treasurer of the corporation, and that on the 16th of April, 1892, he resigned as trustee and treasurer, and transferred all his stock to one Harrington, who was thereupon elected a trustee of the company, and its president, and that subsequently Matthew Baird became, by virtue of a bill of sale in the nature of an equitable mortgage, the owner of most of the property of the company. Said Baird claims title to such property under various bills of sale and leases, and under a sale made by the sheriff of Waldo county, in the state of Maine, upon an execution entered on a judgment in favor of said Baird against the corporation for the sum of $146,000. These facts, of themselves, I think, give the receiver the right to examine into the transactions between Baird and the company, and bring the case within the provision of the statute referred to. The motion will therefore be granted; order or warrant to be settled on notice.